**Eddie Joe LLOYD, Plaintiff–Appellant,**

v.

**S. GRAHAM, Officer, et al., Defendants–Appellees.**

**No. 01–1474.**

United States Court of Appeals, Sixth Circuit.

Nov. 6, 2001.

Before KEITH, BOGGS, and MOORE, Circuit Judges.

Eddie Joe Lloyd, a Michigan prisoner proceeding pro se, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On February 7, 2001, Lloyd filed a complaint against several officials and personnel employed by the Michigan Department of Corrections alleging that the defendants assaulted him and subjected him to excessive and unnecessary force. Lloyd sought declaratory, injunctive, and monetary relief. Lloyd was granted in forma pauperis status in this case.

Also on February 7, the district court issued an order to show cause, giving Lloyd fourteen days from the date of the order to explain in writing why the court should not dismiss the case pursuant to 28 U.S.C. § 1915(g). Lloyd responded. Nevertheless, the district court dismissed Lloyd's suit, without prejudice, under 28 U.S.C. § 1915(g) because Lloyd had filed at least three previous civil actions that were dismissed as frivolous or for failure to state a claim. This timely appeal followed.

Upon review, we conclude that the district court properly dismissed Lloyd's complaint. Twenty-eight 28 U.S.C. § 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury.

Lloyd does not dispute that he has had at least three previous suits dismissed as frivolous or for failure to state a claim for relief. Instead, he raises numerous arguments in which he claims that he should be exempted from the "three strikes" provision contained in § 1915(g). However, none of the reasons offered by Lloyd have any merit for the reasons stated by the district court. In addition, Lloyd has not demonstrated that he is in imminent danger of serious physical injury for the reasons stated by the district court. Because Lloyd's complaint clearly satisfied the provisions of § 1915(g) at the moment of filing, the district court had no authority to consider the merits of the complaint.

Finally, to the extent that Lloyd argues that § 1915(g) is unconstitutional, his argument has already been considered and rejected by this court. *See Wilson v. Yaklich,* 148 F.3d 596, 604–05. (6th Cir.1998). Section 1915(g) does not violate the Equal Protection Clause, does not deny indigent prisoners access to the courts, and does not violate due process principles. *Id.*

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.